UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA ETHERIDGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:13-CV-02678-K |
| | § | |
| BRAD LIVINGSTON, STUART | § | |
| JENKINS, and TEXAS DEPARTMENT | § | |
| OF CRIMINAL JUSTICE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Texas Department of Criminal Justice's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 7) ("the Department's Motion") and Defendants Jenkins and Livingston's Motion for Partial Dismissal for Failure to State a Claim (Doc. No. 8) ("the Individual Defendants' Motion"). The Court has reviewed the motions, the briefing, the materials submitted by the parties, and the applicable law. The Court hereby **GRANTS** the Department's Motion (Doc. No. 7); **DENIES** the Individual Defendants' Motion (Doc. No. 8) **without prejudice to refile**; and **ORDERS** the Plaintiff to file her First Amended Complaint in compliance with this order within **twenty days of this date**.

I.   **Factual and Procedural Background**

Plaintiff was raped and subjected to verbal sexual harassment by Defendant Morrocco Williams ("Defendant Williams") when she reported to parole on July 11,

1

2011. At the time he committed these horrendous acts, Defendant Williams was employed by the Texas Department of Criminal Justice ("the Department") and was Plaintiff's parole officer. Plaintiff received medical care and reported the rape to doctors at Parkland Hospital, who in turn reported the incident to law enforcement. Defendant Williams subsequently resigned and awaits trial for his actions. On July 11, 2013, Plaintiff filed this lawsuit. In addition to suing the Department, Mr. Livingston, and Mr. Jenkins, Plaintiff also sued Defendant Williams in both his official and individual capacity. Plaintiff alleges a violation of her rights under the Texas Constitution, deprivation of several constitutional rights under 42 U.S.C. § 1983 ("Section 1983"), negligence, and a variety of state-law intentional torts. The Department filed the Department's Motion seeking dismissal for lack of subject matter jurisdiction. The Department asserts it has not waived the 11th Amendment's grant of sovereign immunity. Defendants Livingston and Jenkins filed the Individual Defendants' Motion seeking dismissal of all state-law tort claims, those brought under the Texas Constitution, and Plaintiff's Equal Protection claim for failure to state a claim upon which relief can be granted.

II.     **The Department's Motion to Dismiss for Lack of Jurisdiction**

The 11th Amendment to the United States Constitution is a jurisdictional bar that prevents a state from being sued in federal court. U.S. CONST. AMEND. XI. This immunity from suit extends to a state's agencies and departments. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983), *superseded by statute on other grounds*, 28

U.S.C. § 1367. Unless a state consents to be sued, all suits in which the state, its agencies, or departments are named as a defendant are barred regardless of the nature of the suit. *Id.* Though Section 5 of the 14th Amendment gives Congress the authority to waive a state's sovereign immunity, Congress did not waive the 11th Amendment when it passed Section 1983. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 66 (1989). The Texas Texas Tort Claims Act ("the TTCA") waives Texas's sovereign immunity in limited circumstances. Tex. Civ. Prac. & Rem. Code § 101.101 *et seq.* (West 2011). However, the TTCA does not waive immunity if a suit is commenced in federal court. *Id.* § 101.102; *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996).

Plaintiff has sued the Department, an arm of the State of Texas. *Sherwinski*, 98 F.3d at 851. Because the Department is an arm of the State, the 11th Amendment shields it from suit absent a waiver of immunity. Section 1983 does not waive the Department's sovereign immunity, nor does the TTCA waive the Department's immunity to suit in federal court. Plaintiff has not pointed to any other source of a potential waiver of the Department's sovereign immunity. Because the Department's immunity from suit has not been waived, all claims against the Department must be **DISMISSED with prejudice**.

III.  **The Individual Defendants' Motion to Dismiss for Failure to State a Claim**

The Court now turns to the Individual Defendants' Motion. Defendants Livingston and Jenkins assert that most of the claims Plaintiff brings against them must be dismissed for failure to state a claim. Livingston and Jenkins first address

3

Plaintiff's claims under the Texas Constitution. After reviewing Plaintiff's Complaint and the briefing and material provided by the parties, the Court is of the opinion Plaintiff must replead this claim in order to provide both the Court and the Defendants notice of what provisions of the Texas Constitution Plaintiff alleges have been violated. Defendants Livingston and Jenkins argue that these claims must be dismissed because "[t]here is no recognized claim for damages to enforce civil rights granted under the Texas Constitution unless the language of the specific provision of the Texas Constitution clearly implies one . . . ." The Individual Defendants' Motion at *3. Rather than rely on Defendants' assertion that the Texas Constitution is not applicable to the circumstances of this case, the Court **ORDERS** Plaintiff to file her First Amended Complaint **within twenty days of this date**. Plaintiff is not given leave to amend her complaint generally. She must specifically name the provisions of the Texas Constitution she alleges were violated in Paragraph 3.8 of her complaint. It is also apparent from the motions before the Court today that there is some confusion as to whether Defendant Williams is actually a defendant in this action. Therefore, if Plaintiff wishes to proceed against Defendant Williams, she must amend the caption of the complaint to specifically name him along with Defendants Livingston and Jenkins. Failure to do so will result in an order dismissing any claims against Defendant Williams without prejudice to refile. <u>Plaintiff is not granted leave to amend her complaint in any manner other than to add Defendant Williams to the caption and clarify her allegations regarding the Texas Constitution in Paragraph 3.8.</u>

In light of the Court's order that Plaintiff amend her complaint, the Individual Defendants' Motion (Doc. No. 8) is **DENIED without prejudice to refile**.

IV.     **Conclusion**

For the reasons stated above, the Department's Motion (Doc. No. 7) is hereby **GRANTED** and the Individual Defendants' Motion (Doc. No. 8) is **DENIED without prejudice to refile**. The Court **ORDERS** that all claims against the Texas Department of Criminal Justice be **DISMISSED with prejudice**. Plaintiff is **ORDERED** to amend her complaint to either add Defendant Williams or not and to clarify her allegations regarding the Texas Constitution in Paragraph 3.8.

**SO ORDERED**

Signed October 16, 2013

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE